IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**GRACIELA ROCHA,**

       Plaintiff,

vs.                                                                 Civ. No. 05-1011 ACT

**SOCIAL SECURITY
ADMINISTRATION, et al.,**

       Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court upon the Court's Order to Show Cause filed July 31, 2006. [Docket No. 12.] The Court entered a briefing schedule on May 17, 2006 ordering Plaintiff to file a motion to reverse or remand administrative agency decision on or before July 17, 2006. [Docket No. 11.] Plaintiff has failed to file a motion to reverse or remand administrative agency decision. On July 31, 2006, the Court ordered the Plaintiff to show cause as to why this matter should be retained on the Court's docket. Again, Plaintiff failed to respond to the Court's order.

While a *pro se* litigant is entitled to a liberal reading of his pleadings, she must nonetheless follow the same rules of procedure that govern other litigants. *Oklahoma Gold & Federated Numismatics, Inc. v. Blodgett*, 24 F.3d 136, 138 (10th Cir. 1994). When imposing discovery sanctions against a *pro se* litigant, the court should carefully consider whether some sanction short of dismissal is appropriate so that the litigant does not unknowingly lose his right of access to the courts because of a technical violation. *Ehrenhaus v. Reynolds*, 965 F.2d 916, 920 n. 3 (10th Cir. 1992). In determining the appropriate sanction, a court should consider (1) the degree of actual

prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that a dismissal with prejudice would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions. *Ehrenhaus*, 965 F.2d 921.

Plaintiff interfered with the judicial process and is culpable by disregarding the Orders of the Court. Defendant is not able to defend this action. In the Court's Order to Show Cause, the Court stated that "[n]otice is hereby given that this matter will be dismissed within twenty (20) days of the date of this Order unless good cause is shown for its retention on the Court's docket." [Docket No. 12.] In light of Plaintiff's blatant disregard of the Court's Orders lesser sanctions would not be effective. Under these circumstances, Plaintiff's Complaint will be dismissed with prejudice.

**IT IS THEREFORE ORDERED** that Plaintiff's Complaint is dismissed with prejudice.

_____
**ALAN C. TORGERSON**
**UNITED STATES MAGISTRATE JUDGE**